NEWSPAPER AND PERIODICAL DRIVERS & HELPERS UNION, LOCAL NO. 921, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Douglas BROWN et al., Cross-Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SAN FRANCISCO NEWSPAPER PRINTING COMPANY, INC., Respondent.

Nos. 73–3595 to 73–3597.

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1974.

Kenneth N. Silbert (argued), Burndage, Neyhart, Grodin & Beeson, San Francisco, Cal., for petitioner Union (No. 73–3595).

Timothy H. Fine (argued) and G. Joseph Bertain, Jr., San Francisco, Cal., for cross-petitioners newspaper dealers (No. 73–3596).

David L. Bacon (argued), Cooper, White & Cooper, San Francisco, Cal., for respondent Company (No. 73–3597).

Joseph Thackery, NLRB, Washington, D. C. (argued), for N. L. R. B. in all cases.

Before CHAMBERS and KILKENNY, Circuit Judges, and JAMESON, District Judge.*

## OPINION

PER CURIAM:

Before the court are the respective petitions of Newspaper & Periodical Drivers & Helpers Union, Local # 921 (Union) and the nine charging parties, individuals who are non-unionized newspaper distributors (Dealers) for San Francisco Newspaper Printing Company, Inc. (Company), to review a supplemental decision and order of the National Labor Relations Board (Board) reported in 204 N.L.R.B. No. 60. The supplemental decision and order followed our remand of an earlier Board decision and order. Brown v. N. L. R. B., 462 F.2d 699 (CA9 1972). The Board has filed a cross-application for enforcement of its supplemental order. The Union first sought review of the subject in the United States Court of Appeals for the District of Columbia Circuit, followed by the Dealers' request for review and change of venue. A change of venue was granted, and the consolidated cases were transferred to this court for further proceedings. A

full statement of the facts is found in the Board's decision.

■ Our review convinces us that there is substantial evidence on the whole record to support the Board's findings that the Union and the Company violated § 8(e) of the National Labor Relations Act (29 U.S.C. § 158(e)) by agreeing to terminate the independent contractor status of Dealers who distributed the Company's newspapers and by permitting them to work, if at all, only as employees and Union members. The Board correctly found that "work preservation" was not the primary object of the contract termination provision, and in so doing it properly applied the rule of National Woodwork Manufacturers Assoc. v. N. L. R. B., 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967).

■ Moreover, we hold that the Board, in the exercise of its expertise, properly refused to award compensatory damages or back pay to Dealers it ordered reinstated pursuant to § 10(c) of the Act (29 U.S.C. § 160(c)). When, and to what extent, damages may serve the policy of the National Labor Relations Act in a given case, is a complex problem for the Board to decide in the light of its administrative experience and knowledge. The Board draws on a unique fund of expertise, and its choice of remedy must be given special respect by the reviewing courts. Marriott Corp. v. N. L. R. B., 491 F.2d 367, 371 (CA9 1974). We see no abuse of the Board's discretion in its denial of compensation to Dealers, a group of independent contractors, not employees.

It is our considered judgment that the Board correctly applied 29 U.S.C. §§ 158(e) and 160(c) to the facts in the case and that its decision and order, reported as aforesaid, should be enforced. The petitions of Union and Dealers are denied.

The Board shall submit an appropriate order of enforcement.

It is so ordered.

* The Honorable William J. Jameson, Senior District Judge for the District of Montana, sitting by designation.